GALASSO et al. v. NATIONAL S. S. CO.

(Supreme Court, Appellate Division, First Department. April 22, 1898.)

On motion for reargument. Motion denied.
For former opinion, see 50 N. Y. S. 417.
Reargued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

PER CURIAM. The statement in the opinion that "the defendant's witnesses do not pretend that they actually saw the empty bucket hit the tongue, and force it up," must be modified, in view of certain declarations in the testimony of the witness Corbett. This witness does state, in general terms, that the empty tub struck the catch of the full tub, and forced it up. But this was clearly a mere supposition. He was on the off-shore or westerly side of the hatch,

and the full tub was between him and the other. It was thus a physical impossibility for him to see what part of the full tub was struck. Finnel, who was but a few feet away from him, makes no such pretense. He says: "I saw the two tubs come together, and it [the full tub] immediately overturned." Corbett could obviously have seen no more than this. The most that he could have testified to is that the catch was not on the side towards him when the collision occurred. This would not be conclusive, but he makes no such statement. It is plain that his declaration as to the striking of the catch is a mere surmise, unaccompanied by the statement of any fact upon which the inference might reasonably be based. The rotatory motion of the tubs does not affect the question, since the point of contact was still out of sight of the witnesses.

The opinion also states that the tub had "nearly reached the deck when it dumped its contents." It is said that the tub had fully reached the deck. As to this there was a conflict of testimony. One of the plaintiffs' witnesses, Francese, said that it was still six or seven feet from the deck; and Finnel, on a former examination, said that the top of it was level with the hatchway. On the present trial he and two other witnesses testified that the bottom of the tub was clear of the hatch combings; but Finnel, in another part of his testimony, stated that the empty tub was one-half of its height above the other. This statement, in turn, is somewhat confused by a subsequent answer. The jury, however, might well have believed that part of his testimony which was in the plaintiffs' favor. The issue as to the relative position of the tubs was clearly for the jury; and the opinion as a whole shows plainly that this was all that was held. If, however, it had been conclusively shown that the empty tub was the lower, and also that it in fact struck the catch, it would still have been a question of fact whether this blow would have dumped the full tub had it been in good repair. Even in such a case the blow, so far as can be judged, would have been, not an upward, glancing blow, but merely a lateral one; and Focht, the manufacturer of the bucket, distinctly stated that such a blow would not ordinarily release the catch.

There were thus insuperable obstacles to taking the case from the jury, and the inaccuracies in the opinion do not affect the general result. The motion should therefore be denied, but without costs.